Curia, per

Wardlaw, J.
The 14th section of the Act of 1839, “ concerning the office, duties and liabilities of sheriff,” 11 Stat. 29, in its provisions concerning the form and effect of bail bonds, undertakes to meet, as well the ordinary case of an arrest made at the time of serving a writ of cap. adres, under an order for bail annexed thereto, • (whether the service and arrest be before the return day of the writ, or between the return day and the next term,) as the more extraordinary cases which may arise under the Act of 1827, permitting orders for bail to be granted at any time during the pendency of a suit; 6 Stat. 337; or under the practice sanctioned by this 14th section, for the sheriff to take a new bail bond after surrender of the principal to him by the bail. “ When the time for the party’s appear-. *297 anee has passed, and the sheriff shall be required to take bail, the time to be expressed in the bail bond, in such case, shall be the term next succeeding the time when (he bond may be executed.” In a declaration upon a bail bond, thus taken, after the appearance day, the facts must be averred according to the truth; the circumstances which “ required the sheriff to take bail,” and the manner in which he took it. If, in an ordinary case, it be important to aver the lodgment of the writ marked for bail, and the bond accordingly taken for appearance at the return term, so, in one of the extraordinary cases, it is equally important to aver the order pending the suit, or the surrender by former bail, or other circumstances requiring the sheriff to take bail after the appearance term; and the bond taken, expressing the time for appearance at the term next succeeding its execution. If the averments be made in a manner wholly inconsistent with the facts proved, of course there will be a fatal variance. In the case before us, there is no propriety in saying that the particular matters erroneously averred were immaterial. Was the whole averment containing these particulars impertinent and unnecessary, so that it might have been stricken out, without destroying the plaintiff’s right of action'? See Bell vs. Lakin, 1 McMull. 370, and cases there cited, The averment in question is the all-important one, that the sheriff took bail; even if made more particular than it need be, it must be proved as made. But the particulars themselves were essential, inasmuch as the bail bond would have been void without proper authority in the sheriff, or if taken in improper form. The non-suit, then, cannot be set aside ; and the motion forleaveto amend cannot, of course, be granted, whilst the non-suit stands. No motion for leave to amend was made on the circuit: and the case of Glenn vs. McCullough, 2 McC. 212, shews that this court will rarely interfere to grant leave, by setting aside for that purpose, a non-suit properly ordered, even where a motion for leave has been made in the circuit court and refused, because it came too late.
Richardson, O’Neall, Evans, and Butler, JJ., concurred.